CASEY R. FRONK (Illinois Bar No. 6296535)
FronkC@sec.gov
TROY E. FLAKE (Cal. Bar No. 267523)
FlakeT@sec.gov
*Appearing pursuant to LR 83.2(b)*
Counsel for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, UT 84101-1950
Tel.: (801) 524-5796
Fax: (801) 524-3558

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION - PIKEVILLE**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>JUSTIN WALLACE HERMAN, an individual; ANTHONY MICHAEL BAKER, an individual; IAN HORN, an individual, and ISLAND CAPITAL INC, a corporation;<br><br>Defendants. | Case No.: 7:22-cv-00027-DLB-EBA<br><br>Judge: David L. Bunting<br><br>**PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANTS HERMAN, BAKER, AND ISLAND CAPITAL INC.** |

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this Motion for Clerk's Entry of Default against Defendants Justin Wallace Herman ("Herman"), Anthony Michael Baker ("Baker"), and Island Capital Inc. ("Island Capital"), based upon these Defendants' failures to respond to the allegations set forth in the Commission's April 7, 2022 Complaint (Dkt. No. 1), as required by Federal Rule of Civil Procedure 12(a)(1)(A). In support of this Motion, the Commission states as follows:

1

## STATEMENT OF FACTS

1. The Commission filed a Complaint against Defendants Herman, Baker, Island Capital, and Ian Horn[1] on April 7, 2022. (*See* Dkt. No. 1.)

### *Defendant Herman*

2. On April 8, 2022, Defendant Herman, through counsel, waived service of the summons and Complaint. (*See* Dkt. No. 5, Waiver of Service.) Pursuant to that Waiver, Defendant Herman was required to answer the Complaint or otherwise plead no later than June 7, 2022 (60 days from the Waiver date of April 8, 2022). *See* FED. R. CIV. P. 12(a)(1)(A)(ii).

3. To date, Defendant Herman has failed to file an answer or otherwise respond to the allegations contained in the Commission's April 7, 2022 Complaint.

4. Defendant Herman did not request an extension of time to file an answer, and no extension of time was entered allowing him further time in which to respond to the Complaint. (*See* Ex. 1, Fronk Decl. at ¶ 3.)

### *Defendant Baker*

5. The Commission was initially unable to personally serve Defendant Baker with the summons and Complaint, and thus on July 27, 2022 filed a motion for alternative service and extension of time for service of process. (*See* Dkt. No. 8.) That motion remains pending. Meanwhile, the Commission learned of Defendant Baker's whereabouts and served a copy of the summons and Complaint on his domicile on November 3, 2023. (*See* Dkt. No. 14.) As such, Defendant Baker was required to answer the Complaint or otherwise plead no later than November 24, 2023 (21 days after service of the summons and Complaint). *See* FED. R. CIV. P. 12(a)(1)(A)(i).

---

[1] Defendant Horn settled with the Commission and consented to a final judgment to be entered against him. (*See* Dkt. No. 7.) The Court entered final judgment against Horn on August 3, 2022. (*See* Dkt. No. 11.)

6. To date, Defendant Baker has failed to file an answer or otherwise respond to the allegations contained in the Commission's April 7, 2022 Complaint.

7. Defendant Baker did not request an extension of time to file an answer, and no extension of time was entered allowing him further time in which to respond to the Complaint. (*See* Ex. 1, Fronk Decl. at ¶ 3.)

*Defendant Island Capital*

8. On May 9, 2022, Defendant Island Capital was served with the summons and Complaint through its registered agent. (*See* Dkt. No. 6.) As such, Defendant Island Capital was required to answer the Complaint or otherwise plead no later than May 30, 2022 (21 days after service of the summons and Complaint). *See* FED. R. CIV. P. 12(a)(1)(A)(i).

9. To date, Defendant Island Capital has failed to file an answer or otherwise respond to the allegations contained in the Commission's April 7, 2022 Complaint.

10. Defendant Island Capital did not request an extension of time to file an answer, and no extension of time was entered allowing it further time in which to respond to the Complaint. (*See* Ex. 1, Fronk Decl. at ¶ 3.)

**ARGUMENT**

Based on the facts set forth above, the Clerk should enter defaults against Defendants Herman, Baker, and Island Capital. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Based on the facts set forth above, an entry of default against each of Defendants Herman, Baker, and Island Capital should be issued, as each has been served with a copy of the Complaint and has failed to answer or otherwise plead in the time allotted by Rule 12.

DATED:  December 18, 2023.

        /s/ *Casey R. Fronk*
Casey R. Fronk
Troy E. Flake
Attorneys for Plaintiff
Securities and Exchange Commission

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of December, 2023, I caused a true and correct copy of the forgoing **PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANTS HERMAN, BAKER, AND ISLAND CAPITAL INC** to be served on the following parties by the method indicated:

<u>Via First Class U.S. Mail</u>:

Joel Stephen Mills, Esq.
P.O. Box 281077
Nashville, TN 37228-8501
*Counsel for Defendant Justin Wallace Herman*

Ian Horn, Esq.
[redacted]
Brandon, FL [redacted]

*Pro Se Defendant*

Island Capital Inc.
Registered Agent: Ira Branham
4124 Franklin Pike
Nashville, TN 37204

*Pro Se Defendant*

Anthony Michael Baker
[redacted]
Bristol, TN [redacted]

*Pro Se Defendant*

　　　　　　　　　　　　　　　　　　　　/s/ Casey R. Fronk
　　　　　　　　　　　　　　　　　　　　Casey R. Fronk

5